UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DOUGLAS C. NORDIKE                                                                    PETITIONER

v.                                                                    CIVIL ACTION NO. 1:08-CV-P37-R

KENTUCKY DIVISION OF PAROLE & PROBATION                    RESPONDENT

## MEMORANDUM OPINION

The petitioner, Douglas C. Nordike, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). By Order entered April 28, 2008, the Court directed the petitioner to show cause why his petition should not be denied and his action dismissed as untimely. The petitioner has responded.

On June 24, 2004, the petitioner was convicted in the Warren Circuit Court, Bowling Green, Kentucky, of two counts of knowingly possessing anhydrous ammonia in other than an approved container and one count of complicity to manufacture methamphetamine. He states that on October 14, 2004, he appealed to the Kentucky Court of Appeals. The Kentucky Court of Appeals affirmed on October 21, 2005. A motion for discretionary review was filed on December 21, 2005, which was denied on August 17, 2006. The petitioner did not file his § 2254 petition until March 7, 2008.[1]

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). In this case, the petitioner certified under penalty of perjury that he placed his petition in the prison mail system on March 7, 2008.

forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

As reason for not considering his petition to be time-barred, the petitioner states that the circuit court reopened his case on May 11, 2007, for his punishment to include forfeiture of property (farm equipment). A review of the documents attached to his response show that the state court ordered that certain items be forfeited in an order dated June 27, 2007.

The petitioner further asserts that on June 29, 2007, he filed an appeal but "was unable to continue with its perfection due to the fact that the Commonwealth slow walked the

production of pertinent documents to brief the appeal [and] it was subsequently dismissed for lack of prosecution." The petitioner therefore asserts that his petition is timely. However, all of the petitioner's claims in his § 2254 petition have to do with alleged constitutional claims surrounding his conviction, and not the forfeiture of property that was the subject of the state court's June 27, 2007, order. In his § 2254 petition, he raises claims that the trial court erred in failing to direct a verdict of acquittal as to one of the counts of the indictment having to do with manufacturing methamphetamine; that the trial court erred in erroneously instructing the jury on manufacturing methamphetamine by complicity; that the trial court erred in overruling his motion to suppress certain tanks due to lack of inspection or testing and failing to give a missing-evidence instruction to the jury; and that the trial court erred in instructing on possession of anhydrous ammonia in an other-than-approved container. Thus, the pertinent judgment is the judgment of conviction.

The question is thus when did that judgment become final. The judgment of conviction became final on November 15, 2006, 90 days after the Kentucky Supreme Court denied the petitioner's motion for discretionary review on direct appeal.[2] His § 2254 petition, filed on March 7, 2008, was filed more than 15 months after his conviction became final.

---

[2] In *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), the Sixth Circuit explained that the one-year statute of limitations of § 2244(d) does not begin to run until the day after the petition for a writ of certiorari is due for filing in the Supreme Court. By operation of United States Supreme Court Rule 13.1, a state prisoner has 90 days after the entry of the final judgment on direct appeal in which to file his petition for a writ of certiorari. This same 90-day time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment. *See Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1082-84 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the Supreme Court that seeks review of a state court decision denying post-conviction relief).

Simply because the trial court later changed his sentence after it ruled on the Commonwealth's motion for forfeiture did not restart the statute-of-limitations clock for the petitioner's challenges to the constitutionality of the trial court's actions during his trial. *See Bachman v. Bagley*, 487 F.3d 979, 983-84 (6th Cir. 2007) (Bachman's later designation as a sexual predator started the running of a new one-year limitations period only with regard to the sexual-predator designation, not with respect to challenges to his underlying conviction). "Sixth Circuit precedent dictates instead that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Id.* Where, as here, the content of the petitioner's claims relate to his underlying conviction, he had one year from the date that his conviction became final in which to file his petition. The instant petition was filed over three months outside that one-year period and, as such, is time-barred. Consequently, the Court finds that the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be denied as untimely under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
  1024 Capital Center Drive, Frankfort, KY 40601
4413.009